```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ISHEAH YOUNG,                       :

                  Petitioner,       :
                                        08 Civ. 11306 (WHP)(HBP)
     -against-                      :
                                        REPORT AND
SUPERINTENDENT MARK BRADT,          :   RECOMMENDATION
Elmira Correctional Facility,
et al.,                             :

                  Respondents.      :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE WILLIAM H. PAULEY, III, United States District Judge,

I. Introduction

Petitioner Isheah Young seeks, by his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an Order vacating a judgment of conviction imposed on October 11, 2005 after a jury trial, by the Supreme Court of the State of New York, New York County (Wetzel, J.), for criminal possession of a weapon in the third degree in violation of New York Penal Law Section 265.02(1). Petitioner was sentenced, as a persistent felony offender, to an indeterminate term of imprisonment of

fifteen years to life.  Petitioner is currently incarcerated pursuant to that judgment.

For the reasons set forth below, I respectfully recommend that the petition be denied.

II. Facts

    A.    Facts Giving Rise to Petitioner's Claim

Petitioner's conviction arises out of an altercation between himself and an individual named Alexandr Voynov on a New York City subway, on the morning of April 1, 2005.[1]

At trial, Voynov testified that he was seated in a subway car on a northbound "A" train on his way to work when petitioner approached him, muttering harassing words in a loud and angry tone (App. Div. Brief 7).  Voynov and petitioner engaged in a short verbal altercation during which petitioner took out a knife, pointed it towards Voynov, and moved it from

---

[1] The facts set forth herein are based on the statement of facts set forth in Petitioner's brief to the Appellate Division of the Supreme Court ("App. Div. Brief"), annexed as Exhibit A to the Declaration of Priscilla Steward, Esq., in Opposition to the Petition for a Writ of Habeas Corpus, dated October 31, 2011 ("Steward Decl.").  Because the facts of the offense are not implicated by petitioner's claim, and because the version of the facts in petitioner's brief is, presumably, the view of the evidence most favorable to petitioner, petitioner is not prejudiced by my reliance on the statements in his brief.

left to right in the area of Voynov's nose and upper chest (App. Div. Brief 8). Voynov exited the train and alerted a police officer to petitioner's conduct; the police officer noticed that Voynov was bleeding under his chin (App. Div. Brief 9). Voynov pointed out petitioner to the police office (App. Div. Brief 9). The police officer arrested petitioner and recovered a folding knife from his pocket (App. Div. Brief 10). Voynov was taken to Colombia Presbyterian Hospital where he received two stitches (App. Div. Brief 9).

      Petitioner testified that the altercation was triggered when he had accidentally bumped into Voynov's crossed legs as he entered the subway car (App. Div. Brief 11). Petitioner apologized but Voynov jumped up in a threatening stance, refereed to petitioner in racist terms, swung his umbrella towards petitioner hitting petitioner twice, and continued to advance despite petitioner's attempts to retreat (App. Div. Brief 11-12). Consequently, petitioner warned Voynov that, if necessary, he would use his knife to defend himself (App. Div. Brief 12). When he felt that Voynov would strike him with his umbrella once more, petitioner waived a four-inch pocket knife toward Voynov (App. Div. Brief 12). A police officer arrested petitioner as he left the station (App. Div. Brief 13). When petitioner mentioned to the arresting officer that he would like to press charges against

3

Voynov, the officer threatened to "throw [him] down the staircase" if he opened his mouth again (App. Div. Brief 13).

On September 16, 2005, the jury found petitioner guilty of criminal possession of a weapon in the third degree.

Defense counsel argued that petitioner should be sentenced, as a second felony offender, to an indeterminate term of imprisonment of three-and-one-half to seven years (Petitioner's Memorandum of Law in Support of Petition for a Writ of Habeas Corpus (Docket Item 24)("Memo. in Supp.) at 5). The prosecution filed a notice seeking to have petitioner sentenced as a persistent felony offender pursuant to New York Penal Law Section 70.10, which provides that:

> When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by [other] section[s] for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony. In such event the reasons for the court's opinion shall be set forth in the record.

N.Y. Penal Law § 70.10(2).

The Trial Court held a hearing at which time petitioner admitted, under oath, to pleading guilty to felonies committed in 1980 and 1994, and a misdemeanor committed in 2004 (Memo. in

4

Supp. 5).  Following petitioner's testimony, the Trial Court stated that:

> As far as the People's application goes, I determined that the defendant is a persistent felony offender based upon his record of felony convictions.
>
> I pay no heed to the defendant's claim that he was not guilty of any of these crimes.  These are adjudications.  He pled guilty.  He has never challenged those guilty pleas.
>
> I then have to examine into his history and nature of circumstances of his criminal conduct.  Looking at these charges, while the charge that we had before us is a nonviolent, these are charges -- these are convictions of the most violent nature.  In one case, someone was shot in the back.  In another, womebody was injured with a knife.  The other case is a loaded weapon.
>
> I pay particular attention in looking at his criminal history, as required by statute, he has no less than 37 misdemeanor convictions.
>
> Based upon this record and this record alone, which defines his criminal history, I conclude that he does meet the criteria to be sentenced as a persistent felony offender; and, therefore, I impose a sentence of fifteen years to life.

(Sentencing Transcript, dated Oct. 11, 2005, at 13-14, annexed to Trial Transcript (Docket Item 30)).

B.  Post-Conviction Proceedings

Petitioner, assisted by counsel, appealed his conviction to the Appellate Division of the Supreme Court, First Department.  Petitioner asserted five claims, only two of which

5

are at issue here: (1) the Trial Court violated his right to due process when it adjudicated him a persistent felony offender based solely on his criminal history, rather than on his personal history and character as required by New York State statutes (App. Div. Brief 43, <u>citing</u>, <u>inter</u> <u>alia</u>, N.Y. Pen. Law § 70.10; N.Y. Crim. Proc. Law § 400.20), and (2) "[t]he court, in sentencing appellant to an increased maximum sentence as a discretionary persistent felony offender based on facts beyond recidivism that were determined by the court, rather than a jury, by a mere preponderance of the evidence[,] denied appellant his constitutional rights to a jury trial and due process" (App. Div. Brief 50, <u>citing</u> U.S. Const. Amend VI, XIV; <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); <u>Ring v. Arizona</u>, 536 U.S. 584 (2004); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)).

      The Appellate Division unanimously affirmed petitioner's conviction on June 26, 2007, stating, in pertinent part:

> The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The court expressly stated that the adjudication was based entirely on defendant's criminal history. Defendant did not preserve his argument that his adjudication was defective under state law because the court did not make additional factual findings about his history and character, as allegedly required by CPL 400.20 (9), or his claim that the court nevertheless made factual findings that were constitutionally impermissible under <u>Apprendi v New Jersey</u> (530 US 466 [2000]), and we decline to review them in the interest of justice.  Were we to review these claims, we would

6

> reject both the statutory and constitutional claims. In People v Rivera (5 NY3d 61, 70-71 [2005], cert denied 546 US 984 [2005]), the Court of Appeals interpreted the statutory scheme so as not to require "additional factfinding beyond the fact of two prior felony convictions . . .  If, for example, a defendant had an especially long and disturbing history of criminal convictions, a persistent felony offender sentence might well be within the trial justice's discretion even with no further factual findings."  Here, the court expressly stated that it was making just such a determination.  Therefore, under the Rivera interpretation of the statute, no further findings were necessary.  We also conclude that the adjudication was constitutional because the court based it solely on prior convictions (see Almendarez-Torres v United States, 523 US 224 [1998]), facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history.

People v. Young, 41 A.D.3d 318, 319-20, 838 N.Y.S.2d 550, 551-52 (1st Dep't 2007).

By letters dated July 18 and August 13, 2007 petitioner, again assisted by counsel, sought leave to appeal all of his claims to the New York Court of Appeals (Letters to Hon. Judith S. Kaye, annexed as Exhibit D to the Steward Decl.).  The New York Court of Appeals denied Petitioner's application without opinion on January 2, 2008,  People v. Young, 9 N.Y.3d 1040, 881 N.E.2d 1213, 852 N.Y.S.2d 26 (2008); the Court denied reconsider-

ation of its ruling on June 25, 2008, People v. Young, 10 N.Y.3d 941, 892 N.E.2d 413, 862 N.Y.S.2d 347 (2008).[2]

Petitioner, again assisted by counsel, subsequently filed the present petition for a writ of habeas corpus (Petition for a Writ of Habeas Corpus, dated Dec. 11, 2008 (Docket Item X)("Petition")).  Petitioner raised only his claim that his constitutional rights, as interpreted by the Apprendi line of cases, were violated when the Trial Court sentenced him, as a persistent felony offender, based on "facts beyond mere recidivism that were determined by a judge rather than a jury and by less than proof beyond a reasonable doubt" (Petition ¶ 12.A)

III.  Analysis

The Supreme Court in the seminal case of Apprendi v. New Jersey, supra, 530 U.S. at 490, held that:  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Here, petitioner claims that the Trial Court violated his constitutional rights by increasing his sentence beyond the

---

[2] Petitioner also filed three post-conviction motions in state court which are not relevant to the present petition (see Exhibits K, P, and W to the Steward Decl.).

statutory maximum based on facts that were not determined by the jury by proof beyond a reasonable doubt.

The Second Circuit, in Portalatin v. Graham, 624 F.3d 69, 73-74 (2010) (en banc), recently described the New York persistent felony offender ("PFO") statute, in issue here, as follows:

> [A] persistent felony offender is defined as a "person, other than a persistent violent felony offender . . . who stands convicted of a felony after having previously been convicted of two or more felonies." [N.Y. Penal Law] § 70.10(1)(a). Once a defendant is determined to be a PFO, he may receive an indeterminate sentence corresponding to that of a class A-I felony, which ranges from a minimum of fifteen to twenty-five years, and a maximum of life in prison. Id. §§ 70.10(2); 70.00(3)(a)(i). However, unlike New York's persistent violent felony offender statute . . . . the decision whether to impose a class A-I sentence is within the judge's discretion. Id. § 70.10(2).
>
> The PFO statute . . . commonly referred to as the "discretionary" persistent felony offender statute. . . . permits, but does not require, a class A-I sentence for certain recidivist felons. [Under t]he procedure by which a judge determines whether to impose a PFO sentence in a particular case [as] set forth in New York Criminal Procedure Law § 400.20. . . . the prosecution must first prove beyond a reasonable doubt that the defendant is a PFO -- that is, that he has previously been convicted of two or more qualifying felonies -- before an enhanced sentence is authorized. See N.Y. [CPL] § 400.20(1), (5). But the court is also directed to engage in a second inquiry, and to assess whether a PFO sentence is warranted before imposing such a sentence, taking into consideration the "history and character" of the defendant and the "nature and circumstances of his criminal conduct." Id.

9

In Portalatin, the Second Circuit found that sentencing scheme described in New York's PFO statute did not require sentencing courts to engage in impermissible factfinding when determining whether the imposition of a persistent felony offender sentence was warranted (Memo. in Supp. 10). The Court, deferring to the New York Court of Appeals' interpretation of the PFO statute, found that, consistent with Supreme Court precedent, "the only factual predicate necessary to impose the enhanced sentence relate to the defendant's criminal history." Portalatin v. Graham, supra, 624 F.3d at 93. The Court found that the statutory requirement to examine the "history and character of the defendant and the nature and circumstances of his criminal conduct" served lesser purposes of (1) providing a defendant with notice and an opportunity to respond to the factors a sentencing court deemed relevant in exercising its sentencing discretion within the ranges authorized by the PFO statute, and (2) mandating that the sentencing court "set forth those considerations deemed relevant to the imposition of a PFO sentence for the benefit of an appellate court that must later determine whether the sentence was too sever under." Portalatin v. Graham, supra, 624 F.3d at 85-86 (citations omitted).

Petitioner, concedes that this Court is bound by the holding of the Court of Appeals in Portalatin, but argues that

10

"because the Portalatin [decision] flies in the face of established Supreme Court law, we believe that there is a possibility that the Supreme Court will eventually grant Certiorari in [another factually similar case that is pending before the Court]" (Memo. in Supp. 10). Petitioner, therefore, does not seek an Order vacating his judgment of conviction at this time; rather he requests that his claim be preserved in the event the Supreme Court overrules Portalatin (Memo. in Supp. 10).

Petitioner's request, in the nature of an indefinite stay of proceedings, should be denied. As petitioner recognizes, the Appellate Division's decision affirming his sentence is not contrary to or an unreasonable application of clearly established federal law (Memo. in Supp. 10). The granting of an indefinite stay until such time as the Supreme Court might overrule Portalatin would be to ignore the fact that petitioner's claim presently lacks merit.[3] Such a stay is wholly inconsistent with the limitations period set by Congress in 28 U.S.C. § 2244(d). See Ramchair v. Conway, 04 CV 4241 (JG), 2005 WL 2786975 at* 16-18 (E.D.N.Y. Oct. 26, 2005) (stating, in the context of the "stay and abeyance" procedure articulated in Rhines v. Weber, 544

---

[3] These proceedings have already been stayed for more than two years, at petitioner's request, pending the en banc review and certiorari petition in Portalatin (see Docket Items 7 and 20).

11

U.S. 269 (2005), that "the purpose of AEDPA's limitations period is to promote finality, and that purpose could be defeated by a lengthy stay [of proceedings]"); see also Ojeda v. Fischer, 06 Civ. 3368 (RMB)(DF), 2006 WL 2042305 at *1 (S.D.N.Y. July 20, 2006) (Freeman, M.J.) ("[T]he Supreme Court [noted] that a 'mixed petition . . . should not be stayed indefinitely,' and, therefore, where a stay is appropriate, 'district courts should place reasonable time limits on a petitioner's trip to state court and back.'" (citations omitted)).

Furthermore, even if the PFO statutory sentencing scheme is ruled unconstitutional at some point in the future, petitioner's claim would still be meritless because, as petitioner recognized in his third claim to the Appellate Division, the Trial Court did not make findings of fact beyond petitioner's criminal history:

> Plainly, the court addressed only the first criterion, the prior convictions, in its sentencing. Although it acknowledged that it had "to examine [appellant's] history and nature of circumstances of his criminal conduct," it made no inquires or findings on these points. The court concluded, based solely on appellant's record, that he be sentenced as a persistent felony offender.

(App. Div. Brief 48).

Accordingly, petitioner's claim, and his request for an indefinite preservation of his claim, should be denied.

12

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that the petition be denied in all respects.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (citation and internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam). For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c)) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed. R. Civ. P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable William H. Pauley, III, United States District Judge, 500 Pearl Street, Room 2260, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Pauley.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated: New York, New York
       June 4, 2012

Respectfully submitted,

*/s/ Henry Pitman*
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Isheah Young
DIN 05-A-5417
Shawangunk Correctional Facility
P.O. Box 750 (750 Prison Road)
Wallkill, New York 12589-0750

Alan S. Axelrod, Esq.
Legal Aid Society
Criminal Appeals Bureau
199 Water Street
New York, New York  10023

Priscilla Steward, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York  10271-0332

Cyrus R. Vance, Jr., Esq.
District Attorney
New York County
Attn:  Appeals Bureau
One Hogan Place
New York, New York  10013