DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/27/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                                 :
ISHEAH YOUNG,                        08 Civ. 11306 (WHP) (HBP)
                                 :
           Petitioner,        MEMORANDUM & ORDER
                                 :
           -against-
                                 :
SUPERINTENDENT MARK BRADT,
Elmira Correctional Facility,          :
et al.,
           Respondents.       :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        On December 30, 2008, Isheah Young ("Young") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 11, 2005 sentence in New York State Supreme Court for criminal possession of a weapon in the third degree. On June 4, 2012, Magistrate Judge Henry Pitman issued a Report and Recommendation ("Report"), recommending that this Court deny Young's petition it its entirety. On June 11, 2012, Young objected to the Report. After a de novo review of petitioner's objections and the full record herein, this Court adopts Magistrate Judge Pitman's thorough and well-reasoned Report and dismisses Young's habeas petition it its entirety.

## BACKGROUND

I. Factual Background

        On the morning of April 1, 2005, Young encountered Alexandr Voynov ("Voynov") aboard a New York City subway car. (Report at 2.) An altercation between the two men ensued, and Young took out a knife. He repeatedly pointed it towards Voynov and waived

it from side to side in the area of Voynov's face and upper chest. (Report at 2-3.) After the train pulled into a nearby subway station, Voynov fled the subway car and reported the incident to a MTA employee. (Report at 3.) The MTA employee directed Voynov to a nearby plainclothes police officer who observed that Voynov was bleeding. (Respondent's Memorandum of Law in Opposition to the Petition ("Opp.") at 2.) Voynov pointed out Young to the police officer who in turn arrested Young and recovered a folding knife from Young's left pants pocket. (Report at 4.)

On September 16, 2005, a jury convicted Young of criminal possession of a weapon in the third-degree. (Report at 4.) On October 11, 2005, Young appeared for sentencing. At that time, the trial judge informed Young that the prosecution had filed a notice seeking to have Young sentenced as a persistent felony offender pursuant to New York Penal Law § 70.10.

The trial judge conducted a hearing and informed Young that it would "really focus on [Young's] criminal history and the nature of the crimes involved in his criminal history." (Opp. at 9.) The judge noted that "[t]here are certain facts asserted in [the prosecution's notice] that I don't believe have been proven before a jury. Therefore, I'm not going to consider them. But, on the naked record of his convictions and the nature of the crimes he was charged with, I will take that into consideration." (Opp. at 9.) Young then testified at the sentencing and admitted to pleading guilty to attempted murder in connection with a shooting incident that occurred in June, 1980, and to attempted first-degree assault in connection with a stabbing incident that had occurred in June, 1994. (Report at 4-5.) Young also admitted to pleading guilty to a misdemeanor weapon possession charge involving the possession of a knife in September of 2004. (Opp. at 9.) Young denied having actually committed the crimes to which he pleaded guilty. (Opp. at 9.)

2

Following Young's testimony, the judge noted the violent nature of Young's prior convictions and that his criminal history included no less than thirty-seven misdemeanors. On that record, the court found Young to be a persistent felony offender and imposed a sentence of fifteen years to life pursuant to New York Penal Law § 70.10. (Report at 5.)

II.  Procedural Background

Young appealed his conviction to the Appellate Division of the Supreme Court, First Department. Young argued that (1) the trial court improperly adjudicated Young a persistent felony offender because the court focused solely on Young's criminal record and failed to consider his personal history and character; (2) the trial court's adjudication and sentence as a persistent felony offender violated the United States Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) Young's sentence was excessive and an abuse of discretion. (Report at 6.) On June 26, 2007, the Appellate Division unanimously affirmed Young's conviction. (Report at 9). In dismissing Young's Apprendi argument, the Appellate Division stated, in part, that the trial court had "properly exercised its discretion in sentencing defendant as a persistent felony offender," and that the sentencing "was constitutional because the court based it solely on prior convictions, facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history." People v. Young, 41 A.D. 3d 318, 319-20 (1st Dep't 2007) (internal citations omitted).

By letters dated July 18 and August 13, 2007, Young sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. (Report at 7.) Young's application was denied without opinion by the New York Court of Appeals on January 2, 2008. People v. Young, 9 N.Y.3d 1040 (2008). On April 7, 2008, Young's attorney filed a letter asking the New York Court of Appeals to reconsider its denial of Young's leave to appeal.

3

(Opp. at 12.) By certificate dated June 25, 2008, the New York Court of Appeals granted Young's motion for reconsideration, and upon reconsideration, again denied Young permission to appeal. People v. Young, 10 N.Y.3d 941 (2008).

On December 11, 2008, Young filed his petition for a writ of habeas corpus. Young argues that his adjudication and sentencing as a persistent felony offender violated his Sixth Amendment right to a jury trial in view of the Supreme Court's decision in Apprendi. Specifically, Young contends that the trial court violated his constitutional rights when it sentenced him based on "facts beyond mere recidivism that were determined by a judge rather than a jury and by less than proof beyond a reasonable doubt." (Petition for a Writ of Habeas Corpus, dated Dec. 11, 2008 ("Petition") at ¶ 12.A.)

## DISCUSSION

A writ of habeas corpus will not be granted unless the state court adjudication of the claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1)-(2). A petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. See Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

In his petition, Young's sole argument is that New York's Persistent Felony Offender statute violates clearly established federal law by infringing on his Sixth Amendment right to a jury trial as outlined by the Supreme Court in Apprendi. However, as the Report notes, the Second Circuit has previously considered and rejected the very argument Young now raises

4

before this Court. In Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010) (en banc), the Second Circuit found New York's Persistent Felony Offender statute constitutional and concluded that it does not run counter to Apprendi or any clearly established federal law as interpreted by the Supreme Court. Accordingly, it is settled law that New York's Persistent Felony Offender statute comports with the requirements of the Sixth Amendment and does not run afoul of any clearly established federal law. Therefore, Young's petition is without merit. See West v. Breslin, 410 F. App'x 393, 394-95 (2d Cir. 2011); Kross v. Napoli, 403 F. App'x 533, 534 (2d Cir. 2010).

Moreover, while Young acknowledges that this Court is bound by the Second Circuit's decision in Portalatin, he seems to suggest that the issue may eventually be taken up by the Supreme Court. In his objection to Magistrate Judge Pitman's Report, Young raises the Apprendi issue in order to "preserve [Young's] right in the event that the Supreme Court should grant certiorari in a similar case, and decide, as we believe it should and would, that Portalatin is incorrectly decided[.]" (Petitioner's Objections to the Report at 3.) However, the Supreme Court denied certiorari on this issue. See Portalatin v. Graham, 131 S. Ct. 1693 (2011).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Pitman's Report in full. Isheah Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. It is further ordered that because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. In addition, this Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions, close this case and enter a judgment in favor of Respondents.

Dated: September 27, 2011
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Mr. Isheah Young
DIN 05-A-5417
Shawangunk Correctional Facility
P.O. Box 750 (750 Prison Road)
Wallkill, New York 12589-0750
*Petitioner*

*Counsel of record:*

Alan S. Axelrod, Esq.
Legal Aid Society
Criminal Appeals Bureau
199 Water Street
New York, NY 10023
*Counsel for Petitioner*

Priscilla Steward, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271-0332
*Counsel for Respondent*

6